IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARLENE PIPER-BUCKMIRE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0146 |
| | § | |
| MEDVANCE INSTITUTE, | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court in this discrimination case is a Motion for Summary Judgment ("Motion") [Doc. # 11] filed by Defendant MedVance Institute ("MedVance"). Plaintiff Arlene Piper-Buckmire has responded [Doc. # 20] and MedVance has replied [Doc. # 21]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that MedVance's Motion should be **granted**.

### I.  FACTUAL BACKGROUND

Plaintiff Arlene Piper-Buckmire, an African-American female, was hired by MedVance as a full-time Pharmacy Technician Instructor on May 9, 2005. Plaintiff's direct supervisor was Dameon Tryon ("Tryon"), the Program Director for the Pharmacy Program. Tryon reported to the Director of Academic Affairs, Julie

Zelenak ("Zelenak"), who in turn reported to the Campus Director, Doris Hecht ("Hecht").

In early November 2005, Tryon resigned his position as Program Director. Zelenak and Hecht were responsible for selecting Tryon's replacement. At the time, MedVance did not have a formal policy for internally posting open positions. On November 30, 2005, MedVance announced Randel Brown ("Brown"),[1] a Caucasian male, was Tryon's replacement as the Program Director of the Pharmacy Program. Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging race and sex discrimination. Upon receiving a "Notice of Right to Sue" letter from the EEOC, she timely filed this lawsuit, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d). MedVance has moved for summary judgment on all of Plaintiff's claims.

## II.  **LEGAL STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who

---

[1] Before being promoted to Program Director, Brown was a part-time instructor in the pharmacy program.

fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the

nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III. ANALYSIS

### A. Title VII Race and Sex Discrimination Claims

Plaintiff alleges MedVance discriminated against her on the basis of her race and sex in violation of Title VII when it failed to promote her to the Program Director position and instead appointed Brown.[2] Unlawful discrimination under Title VII can

---

[2] Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

be established through either direct or circumstantial evidence. *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)). Plaintiff does not present any direct evidence of discrimination. The Court therefore uses the circumstantial evidence test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Burrell*, 482 F.3d at 411.

Under this test, Plaintiff must initially establish a *prima facie* case of race or sex-based discrimination in order to raise a presumption of discrimination. *Burrell*, 482 F.3d at 411. If successful, the burden then shifts to MedVance to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If MedVance sustains its burden, "the presumption of discrimination dissipates." *Wallace*, 271 F.3d at 220. The burden then shifts back to Plaintiff to establish that (1) MedVance's proffered reason is not true and is rather a pretext for discrimination or (2) that MedVance's reason, while true, is only one of the reasons for its conduct and another "motivating factor" is Plaintiff's protected characteristics. *Burrell*, 482 F.3d at 412; *see also Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). "The plaintiff bears the ultimate burden of persuading the trier of fact . . . that the employer intentionally discriminated against her because of her protected status." *Wallace*, 271 F.3d at 220

---

2(a)(1).

(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511–12 (1993); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

### 1.  *Prima Facie* Case

In order to establish a *prima facie* case or race or sex discrimination based on a failure to promote, Plaintiff must establish that (1) she belongs to a protected class; (2) she applied for and was qualified for a position for which applicants were being sought; (3) she was rejected; and (4) a person outside of her protected class was hired for the position. *Burrell*, 482 F.3d at 412. It is undisputed that Plaintiff belongs to a protected class, that she was not hired for the position, and that someone outside of her protected class was hired for the position. The parties, however, contest whether Plaintiff applied for the Program Director position.

Plaintiff argues that she "made it known that she was interested in the Pharmacy Program Director position."[3] Plaintiff testified that Tryon was the only person she directly informed that she was interested in the Program Director position.[4] It is undisputed that Zelenak and Hecht were solely responsible for the selection of the new Program Director. Zelenak testified that she did not know that Plaintiff had any

---

[3]   Plaintiff's Response [Doc. # 20], ¶ 15.

[4]   Plaintiff's Deposition, Exh. A to Plaintiff's Response [Doc. # 20], at 35–36.

interest in the Program Director position.[5]  Tryon, however, testified that he informed Zelenak that Plaintiff was interested in the Program Director position.[6]  It is far from clear whether generally making one's interest in a position known constitutes actually applying for a position.  The Court nevertheless will assume for the purpose of the pending motion that Plaintiff has raised a genuine fact issue that a reasonable jury could find that she "applied" for the Program Director position.[7]  Because the court deems Plaintiff to have satisfied her burden of establishing a *prima facie* case of race or sex discrimination, the burden shifts to MedVance to articulate a legitimate, nondiscriminatory reason for its actions.

### 2.     Legitimate Nondiscriminatory Reason

MedVance responds to Plaintiff's *prima facie* case with a legitimate, nondiscriminatory reason for not promoting Plaintiff to Program Director: MedVance selected Brown for the Program Director position because of (1) his aggressive pursuit of the position; (2) his ideas to improve and expand upon the Pharmacy department (including IV certification); and (3) his recent and relevant experience with IV

---

[5]     Declaration of Julie Zelenak, Exh. B to MedVance's Motion [Doc. # 11], at 2.

[6]     Declaration of Dameon Tryon, Exh. B to Plaintiff's Response [Doc. # 20], ¶ 5.

[7]     Facts of record and inferences must be viewed in the light most favorable to the nonmoving party.  *See Reaves*, 336 F.3d at 412.

preparation techniques.[8] MedVance's burden at the summary judgment stage is one of production, not proof. *See McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007). MedVance's proffered legitimate, nondiscriminatory reasons satisfy this burden.

### 3. Pretext

Because MedVance has proffered a legitimate, nondiscriminatory reason for not promoting Plaintiff to the Program Director position, the burden shifts to Plaintiff to establish that MedVance's proffered reasons for selecting Brown are a pretext for discrimination or that Plaintiff's protected characteristics were a "motivating factor" in the decision. *Burrell*, 482 F.3d at 412. Plaintiff does not rely on the latter theory, that her protected characteristics were one of several "motivating factors" in MedVance's decision. To survive summary judgment, Plaintiff therefore must raise a genuine fact issue that MedVance's proffered reasons are pretext for discrimination.

Pretext may be shown by evidence demonstrating the employer's proffered reason is false or "unworthy of credence" or by proof that the employee was "clearly better qualified" than the employee selected for the position at issue. *Id.* (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003); *Celestine v. Petroleos de Venez. SA*, 266 F.3d 343, 357 (5th Cir. 2001)). "Proof that the defendant's

---

[8] MedVance's Reply [Doc. # 21], at 1.

explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) (citing *Hicks*, 509 U.S. at 517) ("[P]roving the employer's reason false becomes part of (and often considerably assists) the greater enterprise of proving that the real reason was intentional discrimination")).[9]

In determining whether a plaintiff is "clearly better qualified," evidence that two candidates are "similarly qualified" is not sufficient to establish pretext. *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 723 (5th Cir. 2002). The Fifth Circuit has emphasized that "in order to establish pretext by showing the losing candidate has superior qualifications, the losing candidate's qualifications must 'leap from the record and cry out to all who would listen that [s]he was vastly—or even clearly—more qualified for the subject job.'" *Id.* (quoting *Odom v. Frank*, 3 F.3d 839, 847 (5th Cir. 1993)). In a recent per curiam opinion, the Supreme Court questioned the helpfulness of such creative metaphors, stating that "[t]he visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration

---

[9] "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as 'affirmative evidence of guilt.'" *Reeves*, 530 U.S. at 147 (citing *Wright v. West*, 505 U.S. 277, 296 (1992)).

of the standard for inferring prextext from superior qualifications." *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). The Supreme Court, however, expressly declined to "define more precisely what standard should govern pretext claims based on superior qualifications." *Id.* Looking to recent decisions that do not employ the visual approach questioned by the Supreme Court, the Fifth Circuit has held that "differences in qualifications are generally not probative evidence of discrimination unless those disparities are 'of such weight and significance than no reasonable person . . . could have chosen the candidate selected over the plaintiff for the job in question.'" *Celestine*, 266 F.3d at 357 (quoting *Deines v. Texas Dept. of Prot. & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). "[A] subjective belief of discrimination, however genuine, [cannot] be the basis of judicial relief." *Little v. Republic Ref. Co.*, 924 F.2d 93, 96 (5th Cir. 1991).

Plaintiff argues that MedVance's reasons for promoting Brown are pretextual. Plaintiff's evidence, however, fails to raise a genuine fact issue that MedVance's proffered reasons for promoting Brown are false or "unworthy of credence." As to MedVance's first reason, *i.e.*, that Brown aggressively sought the position, Plaintiff argues that Tryon knew of her interest in the Program Director position and that he communicated this interest to Zelenak.[10] Plaintiff's notification to the person leaving

---

[10]    *See* Declaration of Dameon Tryon, Exh. B to Plaintiff's Response [Doc. # 20], ¶ 5.

the job does not constitute the type of "aggressive pursuit" of the program director position that Hecht testified was the primary reason Brown was selected.[11] Moreover, Tryon had no authority to select his replacement. Even assuming that Tryon communicated Plaintiff's interest to the relevant decision makers, Zelenak and Hecht, the decision makers were not required to follow Tryon's recommendation or to consider his input in selecting his replacement.[12] Therefore, their failure to act on Tryon's opinion that Plaintiff was "clearly the best qualified faculty member on our staff to take [his] position"[13] is not evidence that MedVance's proffered reasons for Brown's selection were false or "unworthy of credence."

Plaintiff also argues that she expressed various ideas for improving the pharmacy program and that MedVance already had an IV certification program before Brown was hired. With respect to her ideas for improving the pharmacy program, it is undisputed that Plaintiff did not directly present these ideas to Zelenak or Hecht.[14] Furthermore, even if Plaintiff had made these ideas known to Zelenak or Hecht, this fact alone does not demonstrate that MedVance's proffered reasons are false or pretextual. It is not the role of the Court to substitute its judgment for that of the

---

[11]   *See* Declaration of Doris Hecht, Exh. A to MedVance's Motion [Doc. # 11], ¶ 4.

[12]   *See id.*, ¶ 7.

[13]   Declaration of Dameon Tryon, Exh. B to Plaintiff's Response [Doc. # 20], ¶ 9.

[14]   *See* Plaintiff's Deposition, Exh. A to Plaintiff's Response [Doc. # 20], at 35–36.

relevant decision makers and determine whether Plaintiff's or Brown's ideas for improving the pharmacy program were better. Employers are permitted to subjectively evaluate employees in making employment decisions. "The mere fact that an employer uses subjective criteria is not . . . sufficient evidence of pretext." *Manning v. Chevron Chemical Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003). Plaintiff has failed to demonstrate that MedVance's proffered reasons are false or "unworthy of credence."

Plaintiff also argues that she is "clearly better qualified" than Brown for the Program Director position. Specifically, Plaintiff argues that she "has been in an equivalent position at another school, [she] taught longer at MedVance, [she] was an instructor [for a] longer period, [she] has been a pharmacy technician longer than [Brown], [she] has more formal education than [Brown], [she] has not received any negative remarks regarding her job performance, [she] suggested more ideas regarding improving the pharmacy program, [she] was already implementing the IV certification program that [MedVance] alleges is the reason it chose [Brown]."[15] Plaintiff further argues that at the time Tryon resigned that she was teaching forty hours per week and Brown was only teaching eight hours per week, that Brown had issues with

---

[15]   Plaintiff's Response [Doc. # 20], ¶ 21.

MedVance's no-call no-show policy, and that she had to perform some of Brown's duties once he became Program Director because he was unqualified.[16]

A thorough review of the record reveals that Plaintiff has not presented competent summary judgment evidence that she was "clearly better qualified" for the promotion. Plaintiff and Brown had comparable educational backgrounds, each having completed some undergraduate coursework,[17] and comparable teaching experience prior to being hired by MedVance, with Plaintiff having taught for approximately three years and Brown for approximately four and a half years.[18] Plaintiff has not demonstrated qualifications such that no reasonable person could have selected Brown over Plaintiff for the Program Director position. *See Celestine*, 266 F.3d at 357. The role of this Court is not to substitute its judgment for that of the employer or second-guess an employer's decision merely because the Court may disagree with it. *See Bryant v. Compass Group USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("Management does not have to make proper decisions, only non-discriminatory ones."); *Odom*, 3 F.3d at 847. Plaintiff has failed to raise a genuine

---

[16] *Id.*

[17] Neither had an undergraduate degree. Plaintiff had completed approximately 90 hours of undergraduate coursework while Brown had completed approximately 30 hours. Plaintiff's Employment Application, Exh. D-3 to MedVance's Motion [Doc. # 11]; Brown's Employment Application, Exh. D-4 to MedVance's Motion [Doc. # 11].

[18] *Id.*

fact issue to rebut MedVance's proffered explanation, MedVance is entitled to summary judgment on Plaintiff's race and sex discrimination claims.

### B. Fair Labor Standards Act and Equal Pay Act Claims

Plaintiff's Complaint broadly alleges that MedVance discriminated against her because of her race and sex in violation of the FLSA and EPA and that she is entitled to attorney's fees under the FLSA and EPA. MedVance's Motion argues that Plaintiff's claims have no factual basis. This satisfies MedVance's summary judgment burden to identify areas essential to Plaintiff's claims where there are an absence of genuine issues of material fact. *Reyna*, 401 F.3d at 349. Plaintiff's Response does not address her FLSA or EPA claims in any way. Plaintiff, therefore, has failed to meet her burden to go beyond the pleadings and designate specific facts shown by admissible evidence that there is a genuine issue of material fact on the FLSA and EPA claims. *Littlefield*, 268 F.3d at 282. Because she has failed to meet her summary judgment burden, MedVance is entitled to summary judgment on Plaintiff's FLSA and EPA claims.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff has failed to establish a genuine issue of material fact for trial on any of her claims. It is therefore

**ORDERED** that MedVance's Motion for Summary Judgment [Doc. # 11] is **GRANTED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas this **12th** day of **May, 2009**.

_____
Nancy F. Atlas
United States District Judge